```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY A. HALE,                :    CIVIL NO. 3:07-CV-1701
                                :
        Plaintiff               :    (Magistrate Judge Smyser)
                                :
    v.                          :
                                :
DEPUTY MCMILLEN, CAPT. LYNN     :
EATON, LT. VANCE, LT. DALE,     :
and MR. DAVY,                   :
                                :
        Defendants              :
```

**MEMORANDUM and ORDER**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 18, 2007.

The defendants named in the complaint are: 1) Deputy McMillen, a deputy superintendent at the State Correctional Institution at Rockview (SCI-Rockview); 2) Captain Lynn Eaton; a security captain at SCI-Rockview; 3) Lieutenant Vance; a lieutenant in the security office at SCI-Rockview; 4) Lieutenant Dale; a lieutenant in the security office at SCI-Rockview; and 5) Mr. Davy, the Principal of the Education Department at SCI-Rockview.

The plaintiff alleges that he filed a number of grievances and § 1983 civil actions against the Pennsylvania Department of Corrections, that he assisted other inmates in

doing the same and that he challenged a cease communications order.  He alleges that thereafter the defendants from the security office recommended that he be suspended from his job as a legal aide.  The plaintiff alleges that, upon the recommendation of the security office defendants, defendant Davy removed him from his job in the law library as a legal aide and thereafter denied him work as a para-teacher.  He alleges that all of the defendants agreed to the decision to remove him from his job solely because of his actions in filing grievances and civil actions, assisting other inmates to do the same and challenging the cease communications order.

      The plaintiff claims that the defendants conspired and retaliated against him for his legal activities.  He is seeking compensatory and punitive damages.

      The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

      A motion to dismiss the complaint was denied by Order of January 22, 2008.  (Doc. 19).

      On January 28, 2008, the defendants filed an answer to the complaint.

On June 13, 2008, the defendants filed a motion for summary judgment, which was denied by Order of July 14, 2008.

Presently before the court is a motion in limine filed by the plaintiff on September 9, 2008.  (Doc. 36).

The plaintiff requests that "any claims or defenses not preserved by and through the prison grievance system which would be procedurally defaulted pursuant to the requirements of the Prison Litigation Reform Act (PLRA)" be excluded from trial. Specifically, the plaintiff requests that the defendants be precluded at trial from making the defense that "the plaintiff's job suspension was a disciplinary sanction because plaintiff, at least, committed a crime by stealing the paper."  The plaintiff also requests that the defendants be precluded from denying that they suspended the plaintiff from his job as part of a conspiracy to retaliate.  The plaintiff claims that "[t]hese allegations/defenses were not mentioned in the DC-804, Part 2, Official Inmate Grievance Initial Review Response" and "should be procedurally defaulted pursuant to the Prison Litigation Reform Act's procedural default component."

The provisions of the Prison Litigation Reform Act (PLRA) that require a prisoner to exhaust his administrative remedies through a prison grievance system before filing a civil complaint do not apply to prison officials.

3

42 U.S.C. § 1997e(a), provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 127 S.Ct. 910, 921 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The PLRA does not require prison defendants to exhaust their defenses to a prisoner's allegations in a civil suit before raising them at trial or in a motion to dismiss or for summary

4

judgment.  Accordingly, we will deny the plaintiff's motion in limine.

**IT IS HEREBY ORDERED** that the defendants' motion (Doc. 36) in limine is **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  November 21, 2008.

5